(Decided 20th December, 1872.)

The Baltimore and Ohio Railroad Company *vs.* Henry Strauss and Levi Strauss.

*When an Injunction will be granted, and when not.*

If the right of way, over a street, of the owner of a lot fronting thereon, is so unlawfully obstructed as to subject him to a special injury, not common to, but distinct and different from that suffered by the public, and for which he cannot obtain adequate compensation at law, he is entitled to the summary interference of a Court of Equity by injunction.

Baltimore & Ohio R. R. Co. *vs.* Strauss, *et al.*

If a party fully cognizant of his rights, permits a public corporation to expend large sums of money in laying down and completing its railroad tracks in contravention of his rights, and makes no complaint, and does· not attempt to interfere, or. interrupt them during the progress and construction of the work, he is precluded, by such acquiescence, from relief by injunction.

The owner of a lot of ground fronting on a public street, suffered a railroad company which had constructed one track on said 'street,' to lay down and complete at considerable expense, two additional tracks thereon, and made no complaint, and interposed no objection during the progress and construction of the work, but acquiesced therein. Ten years after the completion of the two additional tracks, the owner of the lot filed a bill in Equity, asking that the railroad company might be restrained from using or maintaining more than two tracks, upon the ground that the use of the three tracks was an obstruction of his right of way over said street, and had done, and was doing him an irreparable injury for which he had no adequate remedy at law. HELD:

That the complainant had not used due diligence in making his application, and was therefore not entitled to an injunction.

APPEAL from the Circuit Court of Baltimore City.

The bill of complaint in this case was filed by the appellees against the appellant, on the 19th of January, 1871. The case which is sufficiently stated in the opinion of this Court was heard on bill, exhibits and answer, and the Circuit Court, (SCOTT, J.,) ordered the injunction to issue as prayed. From this order the respondent appealed.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, ALVEY and ROBINSON, J.

*John H. B. Latrobe,* for the appellants, argued,

That the railroad company, in laying down its tracks on the streets in question, had not in any respect exceeded the rights granted to it by the Mayor and City Council of Baltimore, under the Act of 1827, ch. 209, so far as to authorize the interference of chancery.

*Edward Otis Hinkley* and *I. Nevett Steele*, for the appellees,

Contended that the order appealed from was right, and in support thereof, referred to the following authorities :  *Balto. & Ohio Railroad Co. vs. Thompson*, 10 *Md.*, 87 ; *Roman vs. Strauss*, 10 *Md.*, 89 ; 1 *Redfield on Railways*, 234, 235, 236, 241, 243, 246, 248, 250, 252, 292, 297 *to* 320 ; 2 *Redfield on Railways*, 562, 564 ; *Act of* 1827, *ch.* 209 ; *Ordinance No.* 21 *of* 1845 ; *Craig vs. Rochester R. R. Co.*, 39 *N. Y.*, 404 ; *Schurmeier vs. St. Paul and Pacific R. R. Co.*, *et al.*, 10 *Minn.*, 82 ; *Jersey City Railroad*, 20 *N. J. Ch.* (5 *Green*,) 61 ; *Kier vs. Boyd*, 60 *Penn.*, 33 ; *Clark vs. Blackmar, et al.*, 47 *N.Y.*, 150 ; *Milhau vs. Sharp*, 27 *N. Y.*, 626 ; *Corning vs. Lowerre*, 6 *John. Ch.*, 439 ; *Roberts vs. Easton, et al.*, 19 *Ohio State*, 78.

ROBINSON, J., delivered the opinion of the Court.

The bill in this case, seeks to enjoin the appellant from using or maintaining more than *two* of its three railroad tracks on Nicholson street, — secondly, from using the *three tracks* branching off from Nicholson street above Cooksie, and running across an alley in the rear of the complainants' property,—and thirdly, from using any more than the *two centre ones* of the *seven branches at Towson street.*

*First, the tracks on Nicholson street.*

The bill alleges, that the complainants purchased in 1850, a tract or parcel of land fronting on Nicholson street, and that they are entitled to a right of way over said street ; that at the time of said purchase, there was one track of the defendant's railway running through the centre of the street ; that in 1859, the defendant laid down two more tracks in said street without any right so to do ; that the distance between the footway and the track nearest to the same, is not sufficient to allow carts,

wagons, and other vehicles to pass, without running the risk of being struck by the steam engine and cars of the defendant; that the use of said tracks by the defendant, is of such a character, as to render it impossible for the complainants, their servants and employees, to pass over said street without imperilling their lives, and running very great risk of having their vehicles destroyed; that the land of the complainants is improved by a store at the northern-most corner of Towson and Nicholson streets, and that the way over the latter street is the only reasonably convenient way to said store, but so completely is it obstructed by said use of it by the tracks and cars of the defendant, that a load of fuel, or barrel of flour, cannot be brought to said store on a cart, dray or wagon.

And so the complainants say, the defendant has done, and is daily doing them an irreparable injury, for which they have no adequate remedy at law; the use made by the defendants of the said three tracks, being so great an obstruction to the complainants' right of way, as to render their said land and the improvements thereon, of comparatively little value.

The respondents admit they have laid down and are now using the three tracks on Nicholson street, but deny that the same are opposite to the property of the complainants. The allegations in the bill in regard to the nature and extent of the obstruction occasioned thereby—that Nicholson street is the only reasonable and convenient way to the property of the complainants—that they have done, or are doing the complainants an irreparable injury, for which they have no adequate remedy at law, all of these allegations are expressly denied. The defendants also claim the right to lay down said tracks by virtue of their charter, and an Ordinance of the Mayor and City Council of Baltimore.

The case is submitted on bill and answer, and maps, showing the location of the complainants' property, and the obstructions complained of.

It can hardly be necessary to say, that the right of the complainants to relief, does not in any manner depend upon the question as to whether the alleged obstructions are in point of fact, opposite to, or in front of their property. If they are owners of a lot on Nicholson street and the defendants have unlawfully obstructed their right of way over said street, so as to subject them to a special injury not *common to,* but *distinct and different from that suffered* by the *public,* and for which they could not be adequately compensated by damages at law, there could be no question as to their right to the summary interference of a Court of Equity.

Nor is it necessary to decide whether the Acts of 1826, chap. 126, and 1827, chap 209, and the Ordinance of 1845, of the Mayor and City Council of Baltimore, authorized the defendants to lay down and use the tracks in question.

There are other objections not set up in the answer, nor relied on in the argument, which in our opinion, are fatal to the relief prayed. We take the law to be well settled in cases of this kind, where a Court of Equity is asked to restrain a rail road company from using tracks constructed at great expense and labor, a party must use reasonable diligence in making the application. *Kerr on Injunctions,* 348 ; *Hilliard on Injunctions,* 24.

Whatever may have been the original equities of a party, if he has been guilty of laches or unreasonable delay, if fully cognizant of his rights, he has lain by, and suffered a public corporation to expend large sums of money in laying down and completing its rail road tracks in contravention of his rights, and makes no complaint, and no attempt to interfere or interrupt them during the progress and construction of the work, such

acquiescence will preclude him from relief by way of injunction.

Thus in *Birmingham Canal Company vs. Lloyd,* 18 *Vesey,* 514, where the canal company had the use of certain reservoirs, and the defendants who were proprietors of neighboring coal mines, gave notice of their intention to make a level on their mines, the effect of which would be to draw off the water in the reservoirs used by the plaintiffs for the purpose of feeding their canal, and the defendants commenced their work, and having expended about two thousand pounds, the canal company applied for an injunction, Lord ELDON said:

"Assuming for the present purpose, this piece of water, called Broadwater, to be a reservoir, within this Act of Parliament, the plaintiffs must establish their right to damages at law, before I ought to grant this injunction. I proceed here upon the circumstances of delay. The defendants having, in pursuance of their promise to give six months notice of beginning to work their mines, given notice in April, expressly mentioning their purpose to open the *sough*, the company having given a counter notice, that they would in that case seek damages at law, and having a right to apply promptly to this Court to prevent the act, instead of taking that course, permit the defendants to expend £2000, in proceeding towards getting coal by erecting fire engines, &c., and when they are about to get the coal, the plaintiffs come for an injunction. They ought to have commenced their opposition when they could have done so with justice. * * * These plaintiffs, therefore, not having applied until nearly two years after the notice was received, must take their chances at law; and this Court ought not to interfere by granting an injunction."

So in the case of the *Great Western Railway Company vs. The Oxford, Worcester and Wolverhampton Railway Co.,* 3 *De Gex, Mac. & G.,* 358, where an applica-

tion was made for an injunction to restrain the opening or using of a narrow guage line from Evesham to Wolvercot, until the line of the Oxford, Worcester and Wolverhampton Railway was formed throughout its entire length on the broad guage, Lord Justice TURNER said:

" Where the summary interference of this Court is invoked, in cases of this nature, it must be invoked promptly. Parties who have lain by and permitted a large expenditure to be made, in contravention of the rights for which they contend, cannot call upon this Court for its summary interference. The jurisdiction to interfere is purely equitable, and it must be governed by equitable principles."

To the same effect is the case of *Greenhalgh vs. The Manchester and Birmingham Railway Company*, 3 *Mylne & Craig*, 784, where it was held, that the owner of land, upon which a railway company empowered by Parliament, is about to enter, will not be entitled to an injunction to restrain them, if, by his silence and conduct, he has permitted the company to carry on their works upon the supposition, they were to " enter on and take the land in question." And in *Wood vs. Sutcliffe*, 2 *Sim. N. Rep.*, 163, an injunction to restrain the defendants from interrupting a water right of the plaintiffs, was denied expressly on the ground of delay in making the application. After considering whether an injunction would restore the plaintiffs to their rights, and further, whether the mischief complained of was such as could be ade quately compensated by pecuniary damages, the Vice Chancellor says:

" But I do not rest my decision upon either of the grounds which I have mentioned. The principal ground upon which I conceive that I must refuse this injunction is, that the plaintiffs have not used due diligence in vindicating their rights. They stood by whilst the defendants constructed their works, and they suffered the de-

fendants to use their works after they were constructed, from the beginning of 1845 until the beginning of 1850, a period of nearly five years, without giving them any hint that they were doing anything that they had not a lawful right to do; and if there had been nothing else in this case, I should have been of opinion, on this ground alone, that the plaintiffs were not entitled to the injunction.''

Now, in the case before us, the complainants lie by and suffer the defendants to construct two additional tracks, incurring necessarily thereby a considerable expense, without a word of complaint, and without a hint that they were obstructing the right of way over Nicholson street, or doing them an irreparable injury, for which compensatory damages could not be obtained at law, and ten years afterwards,—not five years as in *Wood vs. Sutcliffe,*—when these additional tracks may be absolutely necessary to accommodate the large and increasing trade and business of the defendants, this Court is asked to restrain them from using one of the three tracks, to the construction of which no objection was made by these complainants. Under such circumstances, a Court of Equity may well say, that due diligence has not been used in making the application, and that to grant an injunction in such a case would be unjust and oppressive to the defendants.

*Secondly.—The three tracks across the alley, in the rear of the complainants' property.*

It neither appears from the bill, nor the answer, when these tracks were laid, and we cannot therefore say, that the claim to relief is barred on the ground of delay and acquiescence. The bill alleges that the tracks are laid on a level higher than the bed of the alley, and, in consequence thereof, wagons, carts and vehicles cannot pass over the same. The respondents, however, deny that these tracks were laid down or constructed by them, or

that they are in any manner responsible on account thereof. It is clear, then, that if the complainants are entitled to relief in this respect it must be against other parties than the defendants. The mere use of these tracks would not certainly constitute such an injury as to entitle the complainants to an injunction. In *Roman vs. Strauss,* 10 *Md.,* 89, the bill alleged that the only *reasonable and convenient way* to the *property* of the *complainant* was across the alley,—that the defendant, by laying a railroad track across the same, had caused them *irreparable injury,* and by the use thereof had almost *destroyed* the *value of their* property. The case was submitted on bill alone, and the Court held that these allegations entitled the complainants to an injunction. No such averments are made in this bill in regard to the alley obstructions. On the contrary, it alleges *that Nicholson street* is the only reasonable and convenient way to the complainants' property, and that it is by *obstructing the right of way over* the same that the *value of their property is destroyed,* and *irreparable injury done, &c.*

*Thirdly.—The seven branches at Towson street.*

In regard to these tracks it is sufficient to say, that the equities of the bill are expressly denied by the answer, and in the face of this denial, we cannot say, looking to the maps showing the location of the property, that the obstructions are of such a character as to justify this Court to interfere by injunction.

For these reasons, the order of the Court below granting the injunction will be reversed, and the cause remanded.

*Order reversed and
cause remanded.*

(Decided 17th January, 1873.)