# Hendricks *v.* Kelly.

*Bill in Equity for Injunction of Judgment, Quieting Title, and Cancellation of Deed.*

1. *Competency of party and witness to testify as to declarations of deceased person.*—In a chancery suit between two purchasers of land, one claiming under a purchase from the trustee in a deed of trust, and the other under a prior purchase from the grantor in the deed; the trustee and the sole beneficiary under the deed both being dead, their declarations to the purchaser from the grantor, on the faith of which he claims to have made his purchase, are competent evidence for him, and may be proved by himself and the grantor : such evidence is not within the statutory exception (Code, § 3058), as to statements by, and transactions with a deceased person, whose estate is interested in the result of the suit, etc.

2. *Estoppel by declarations.*—Where a person, desiring to purchase land, and being informed that there is an unsatisfied deed of trust on it executed by the owner, asks information from the trustee and sole beneficiary of the deed, and is assured by them that the grantor has the right to sell and make title, and that the unpaid balance of the secured debt can be realized from the other property conveyed by the deed ; such declarations, though made innocently and inadvertently, operate as an estoppel against the parties making them, or any one claiming subsequently under them with notice, in favor of the person to whom they were made, if on the faith of them he concluded the contract of purchase from the grantor.

3. *When purchaser is chargable with notice.*—A purchaser of land, which is at the time in the possession of a third person, is put on inquiry as to the nature of that possession, and the character of the title or interest claimed, and is chargeable with constructive notice of the facts which inquiry would have developed ; and a purchaser at a public sale, at which notice is given of an adverse claim, is chargeable with actual notice of such asserted claim.

4. *Estoppel en pais ; effect at law and in equity.*—At law, an estoppel *en pais* has no effect on the title to land ; but a court of equity accords full effect and operation to it.

APPEAL from the Chancery Court of Sumter.

Heard before the Hon. A. W. DILLARD.

The bill in this case was filed on the 23d June, 1877, by Thomas Kelly, against Virginia A. Hendricks ; and sought to enjoin a judgment at law in a statutory action of ejectment, which the defendant had recovered against said Kelly, to cancel the defendant's deed for the land, on which her judgment was recovered, and to quiet the complainant's title and possession of the land. The land had belonged to one James A. Woodward, who sold and conveyed it to Kelly, the complainant in this suit, by deed dated the 8th April, 1865, which recited the payment of $5,000 as its consideration ; and the complainant entered into possession under this deed, and

continued in the uninterrupted possession up to the filing of the bill in this case. The defendant claimed under a purchase at a public sale made on the 13th February, 1869, by Turner Reavis (since deceased) and W. V. Hare, as trustees in a deed of trust executed by said Woodward on the 21st May, 1860, by which said land, with other property, was conveyed to said trustees, with power of sale, to secure the payment of several promissory notes due to one Eli O'Neal, since deceased; and the trustees' deed to her, as the purchaser at the sale, which was dated the 8th March, 1869, and recited the payment of $215. On the title conveyed by this deed, the defendant brought an action at law to recover the possession of the land, and obtained a judgment; and that judgment was affirmed by this court, at its December term, 1876, on appeal by said Kelly, as shown by the report of the case. *Kelly v. Hendricks*, 57 Ala. 193. After the decision of that case, the bill in this case was filed by Kelly, setting up the equitable title which was held no defense to the action at law.

The bill alleged that, of the three notes secured by the deed of trust, which were due on the 1st January, 1861, 1862, and 1863, respectively, the first was paid at maturity, and was surrendered and destroyed; that the other two were also paid and satisfied, but were never surrendered to said Woodward, because, at the time of the sudden death of said O'Neal, who was murdered some time during the year 1865, a settlement had not been made between him and Woodward; that O'Neal's personal representative, finding these notes among his papers, instructed the trustees to foreclose the deed of trust; and that the trustees were compelled to do so, because, on account of O'Neal's death, they could not adduce legal evidence of the payment of the notes. It was alleged, also, that prior to complainant's purchase of the land in April, 1865, being informed that the deed of trust was not satisfied on the records, he refused to buy the land from Woodward, unless O'Neal would sanction the sale; that he applied to said O'Neal for information, and was assured by him that he had no claim on the land, that the deed of trust was satisfied so far as it was concerned, as the other property conveyed would pay any balance due, and that Woodward had a perfect right to sell and convey the property; that Reavis also, one of the trustees, whom he consulted as to Woodward's right and title, assured him that Woodward's deed, with O'Neal's sanction, would be a valid and perfect title, and wrote the deed for him; that he made the purchase on the faith of these representations, and paid the purchase-money as recited; that he gave public notice, at the subsequent sale by the

[Hendricks v. Kelly.]

trustees, of his adverse claim and possession, and that the defendant became the purchaser at that sale with full knowledge of his claim and adverse possession. He therefore prayed that the judgment might be perpetually enjoined, that he might be quieted in his title and possession, and for general relief.

The defendant answered the bill, and denied all the allegations on which its equity depended, but admitted the execution of the several conveyances as charged, and the recovery of the judgment at law. To prove the declarations and representations of O'Neal and Reavis, as to Woodward's right to sell and convey, the complainant took his own deposition and that of said Woodward. The defendant filed objections to the interrogatories calling for these statements, and to the competency of the plaintiff and Woodward as witnesses. The objections to Woodward's competency were, " because he is a party interested in the subject-matter of this controversy, being the transferror of the premises sued for, and the testimony he proposes to give consists of transactions with O'Neal, the mortgagee through whom plaintiff claims title, or statements made by him ;" and " because he is interested in · the result of this suit." The objections to the plaintiff's own testimony were, " because he is incompetent to prove said matters, as they severally relate to alleged transactions with, or statements by said O'Neal, deceased, through whom, in privity of estate, this respondent claims the land in controversy ;" and " because said witness is incompetent to prove transactions with, or statements by Turner Reavis, deceased, who was the trustee in the deed of trust under which this respondent claims the property." It was further objected to the testimony of these witnesses, as to the declarations of O'Neal and Reavis, that it was not competent to establish a conveyance of land, or title thereto, by estoppel *en pais*, or by parol declarations. The chancellor held the witnesses competent, and overruled all the objections to their testimony ; and on final hearing, on pleadings and proof, rendered a decree for the complainant, perpetually enjoining the judgment at law, ordering the cancellation of the conveyance by the trustees to the defendant, and vesting the title to the land in the complainant.

The final decree, and the overruling of the defendant's objections to evidence, are now assigned as error.

SNEDECOR & COCKRELL, for appellant.

BRICKELL, C. J.—1. The objection to the competency of the appellee, and of his vendor, Woodward, as witnesses to

[Hendricks v. Kelly.]

prove the declarations and statements of O'Neal, and of Reavis, who were dead, was properly overruled. The Code of 1876 (§ 3058) renders all persons, without regard to interest, or their relation to the record, competent witnesses in civil causes. There is an exclusion of particular evidence, when proceeding from a party, or his beneficiary; that is, evidence of statements by, or transactions with a deceased person, whose *estate is interested in the result of the suit;* or of such transactions or statements, when the deceased person who made them was at the time acting in a fiduciary or representative relation to the party against whom the evidence is sought to be introduced. At common law, the presumption was in favor of the competency of the witnesses—of their freedom from a disqualifying interest; and the party averring incompetency, was bound to show it. The presumption must now prevail, when the policy of the law is to remove all artificial restraints upon the competency of witnesses, and to open wide the door for the introduction of relevant and legal evidence from any and all sources. It is certain that, when Reavis and O'Neal made the statements and representations now attributed to them, no relation whatever of any kind existed between them and the appellant: they were strangers to each other, and the appellant was without interest of any kind in the premises, the subject to which the statements and representations referred. If any interest in the result of the suit remains to them—if the estate of either can be enlarged or diminished by the decree which may be rendered—it is not shown, and can not be presumed from any fact found in the record.

2. Representations, or admissions, which have been acted on by others, especially when made in answer to inquiries for information on which to base action, and when the purpose of the inquiry is made known, become conclusive, and operate as an estoppel on the party making them, in all cases between him and the person whose conduct he has influenced, if loss must ensue from a denial of their truth.—1 Brick. Dig. 296, §§ 10, *et seq.* The representations or admissions may have been made innocently, and inadvertently; but they will become conclusive, if the party to whom they are made is induced to act upon them, and must sustain injury because of such action, unless they are allowed all the operation they could have if true in point of fact, and made deliberately. The representations of Reavis, the trustee, and of O'Neal, the creditor and sole beneficiary in the deed of trust, that Woodward had the right to sell, and could make title to the premises, and that the balance of the debt secured by the deed could be realized from other property, were made to the

[Sims v. Gaines.]

appellee while negotiating his purchase, and induced him to conclude the purchase, parting with property of value, though it may not have been the full equivalent of the value of the premises, and to accept the conveyance from Woodward. It would operate as a fraud upon the appellee, if they, or whoever claims under them with notice, were now permitted to assert their untruth.

3-4. The possession of the appellee, at the time of her purchase, ought to have put the appellant on the inquiry, as to the nature of his possession, and the character of the title claimed by him. If she made no inquiry, she was grossly negligent, and is charged with constructive notice of his paramount equity. The evidence is, also, sufficient to trace to her actual notice ; for, at the public sale, at which she became a purchaser, notice of it was given, and the sale forbidden. Claiming, with notice, under parties who are estopped, the estoppel not being fraudulent, binds and concludes her. Resting in parol, at law the estoppel was not available to the appellee ; but in a court of equity it has full operation. *McPherson v. Waters*, 16 Ala. 714; *Gimon v. Davis*, 36 Ala. 589; *Kelly v. Hendricks*, 57 Ala. 193,

The decree is affirmed.