# South & North Alabama Railroad Co. v. Alabama Great Southern Railroad Company.

### *Bill to enjoin Action of Ejectment.*

1. *Equitable estoppel.*—If the owner of land knowingly, though passively, suffers another to purchase and spend money on it, under an erroneous opinion or mistaken belief of title, without making known his own claim, he can not afterwards assert in equity his right or title against such purchaser.

2. *When owner of land estopped from maintaining ejectment.*—When the owner of land has knowledge of the fact that a railroad is proceeding to locate and construct its road on his lands, and allows it to expend large sums of money for this purpose, without interfering or forbidding it to proceed, he is estopped from evicting it by ejectment.

3. *Same; right of the vendee of the owner of land.*—The vendee of the owner of land is not entitled to claim the payment of damages for lands taken, or for injuries done before he acquired title, but is confined to those resulting afterwards; and if the owner, by his acquiescence in the occupancy of his land by a railroad company has waived the right to oust the company, the vendee can not acquire any other or greater rights than the vendor enjoyed

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by the Alabama Great Southern Railroad Company against the South & North Alabama Railroad Company, to enjoin the respondent from prosecuting to judgment an action of ejectment brought against the complainant for a certain thirty feet strip of land lying in the city of Birmingham. The facts averred in the bill are sufficiently stated in the opinion. The respondent demurred to the bill of complaint, upon the ground that there was no equity in the bill, because there was no allegation that the respondent had the title

1893.] OF ALABAMA. 237

[South & North Ala. R. R. Co. v. Ala. Great Southern R. R. Co.]

to the strip of land in controversy; and that there were no facts alleged in said bill which showed that the complainant did not have a complete remedy at law. The chancellor overruled this demurrer. Respondent appeals, and assigns this decree of the chancellor as error.

HEWITT, WALKER & PORTER, for appellants, cited *Duckworth v. Duckworth's Admr.*, 35 Ala. 70; *Spence v. Duren*, 3 Ala. 251; *Charles v. Dubose*, 29 Ala. 369.

A. T. LONDON and A. G. SMITH, *contra*.

HARALSON, J.—The principal upon which this appeal is prosecuted is, that an action at law will not be enjoined in equity, when it appears the defendant has a full and complete defense which may be set up and maintained in the court of law. This certainly is the statement of a correct legal proposition. And, it is insisted, as for its application in this case, that the bill filed,—on which the action of ejectment pending in the law court was enjoined,—shows that the complainant, the appellee here, could have maintained the defense it sets up, as well at law as in equity—that it has no right to the land, as against appellant's title, so far as is shown by the bill, which is not legal. But this principle, so correct in itself, and so confidently relied on, has no application, but breaks down, where the defense to the action is purely equitable, and can only be adequately made in a court of equity.—*Powell v. Higley*, 90 Ala. 108.

At law, an estoppel *in pais* has no effect on the title to land, but a court of equity accords full effect and operation to it.—*Hendricks v. Kelly*, 64 Ala. 388; *Standifer v. Swann*, 78 Ala. 93; *McCarty v. Woodstock Iron Co.*, 92 Ala. 468. Accordingly, it has been held in this court, that while a railroad company has no right to enter upon and take possession of the lands of another,—without his consent or without having made just compensation therefor in proceedings for the condemnation of the land,—and constructs its track thereon, yet, if the owner has knowledge that the company is proceeding to locate and construct its road on his land, and he allows it to do so, and expend a large sum of money on improvements for such purpose, he will be

estopped from ousting the company by ejectment.—*N*.
*O. & S. R. R. Co. v. Jones*, 68 Ala. 49; *Pollard v. Maddox*,
28 Ala. 321. "Acquiescence by a land owner in the oc-
cupation of his land for the road bed of a railway com-
pany will perclude him from maintaining ejectment for
the land on which the road is built.—2 Herman on Estop-
pel, § 971; *Konaga v. St. L. L. & W. R. R. Co.*, 76 Mo.
207; *Baker v. R. R. Co.*, 57 Mo. 265; *R. R. Co., v. Strauss*,
37 Md. 237.

In a case involving the application of the foregoing
principle, the Supreme Court of Ohio said: "Consider-
ations of a public policy, as well as recognized principles
of justice between the parties, require that we should
hold that the property of the owner can not be reclaimed,
and that there only remains to him a right of compen-
sation."—*Goodwin v. Cincinnati, &c. R. R. Co.*, 18 Ohio.
St. 169. And this court, giving sanction to this utter-
ance of the Ohio Supreme Court, said: "This is the
doctrine of all the courts, and is rigidly applied even by
those courts which interfere most liberally for the pro-
tection of the owners of lands against the unlawful en-
try of railroad and similar corporations;" citing
*Binney's Case*, 2 Bland's Ch. 99; *M. & E. R. R. Co. v.
Prudden*, 20 N. J. Eq. 530; *Easton v. N. Y. &. L. B. R.
R. Co.*, 24 *Ib.* 49; *Traphagen v. Mayor*, 29 N. J. Eq. 206.

In a case similar in its essential features to the one
we try,—and between these same parties,—where a con-
tract for a right-of-way had been entered into by an
agent whose authority to make it was disputed, and the
railroad company had, under the contract, located its
machine shops, tracks and depots with a view of the
right-of-way acquired under this contract, and the owner
of the property—the Elyton Land Co.—had stood by and
allowed all this to be done without protest, this court
held that it would be inequitable and unconscientious,
after such improvements had been made, and the prop-
erty had greatly enhanced in value, to allow the trans-
feree of the title of that company to deny or disprove the
agent's authority to make the contract. The language
employed in reference to such a transaction is so applic-
able to this case, we reproduce it. The court said: "It
is a sound and honest rule of equity, supported by
principles of justice as well as of public policy, that if
one knowingly, though passively, suffers another to pur-

chase and spend money on land, under circumstances which induce an erroneous opinion or mistaken belief of title, without making known his claim, he shall not afterwards, in a court of conscience, at least, be permitted to successfully assert any right or title against the purchaser."—*Ala. Gr. So. R. R. Co. v. S. & N. A. R. R. Co.*, 84 Ala. 580.

The facts of this case, so far as is here necessary to refer to them, for the sake of the application of the foregoing principles, are, as averred in the bill, that on the 21st of April, 1871, the Elyton Land Company owned the strip of land involved in this litigation, which lay along side of complainant's railroad track in Birmingham, but below the surface of the grade of complainant's track; that in the year 1876 with the knowledge and consent of the Elyton Land Company, which then owned said strip of land, complainant filled in a part of said strip and constructed tracks thereon, which it used in connection with the operation of its railroad, and afterwards, filled in other parts of the said strip and constructed other tracks thereon; that defendant claims, that sometime in the year 1882 or 1883, it acquired the legal title to said strip of land from the Elyton Land Company, but of the fact of the acquisition of said title, complainant had no knowledge; that some time during the year 1882 or 1883, and about the time defendant claims it acquired said title, complainant went into possession of the whole of said strip, with the knowledge and consent of defendant, and, with its full knowledge, filled up and graded the balance of the said strip and constructed tracks thereon as a part of its yard and right-of-way in and through the city of Birmingham, at a cost of about $20,000, and subsequently erected thereon its freight warehouse and cattle sheds, at the large expense of about $50,000; that in order for the defendant to enter upon the said strip at any point thereof, or to use the same, it would be necessary for the defendant to cross complainant's main line, and the use of said strip by the defendant, would result in the destruction of complainant's said freight depot and cattle pens; that complainant's said railroad constitutes a part of a large system of railroads beginning at Cincinnati, Ohio, and running through the States of Kentucky, Tennessee, Georgia, Alabama, Mississippi and Louisiana, and complain-

ant does a large freight and passenger traffic in and out of the city of Birmingham, and the use of said strip south of and adjoining its right-of-way, as now arranged, is essential to the conduct and maintenance of its business; that complaint's possession of said strip since the year 1882, or 1883, has been open and notorious, and the improvements made and money expended thereon by complainant have been necessary and essential for the conduct of its business and were made with notice to and knowledge of defendant.

Under these facts, this case falls directly within the rule we have above referred to; and, as was said in the case above cited between these same parties, on substantially the same facts, tending to show an estoppel against the appellant, if they do not constitute an estoppel *in pais*, the whole doctrine might as well be blotted from our system of jurisprudence.—84 Ala. 580.

The bill charges, as has been shown, that the defendant acquired the title it received from the Elyton Land Company with full notice of complainant's occupancy of said land, and the improvements it had theretofore placed on it.

The vendee of land is not entitled to claim the payment of damages for lands taken or for injuries done before he acquired title, but is confined to those resulting afterwards; and if an owner, by his acquiescence in the occupancy of his land by a railroad company has waived his right to oust the company, his vendee can not acquire any other greater rights than the vendor enjoyed.—*Franklin v. Pollard*, 88 Ala. 318; *Pique v. Arendale*, 71 Ala. 91; *Hendricks v. Kelly*, 64 Ala. 388; *Central R. R. Co. v. Hetfield*, 29 N. J. L. 206; *Indiana, B. & W. R'way Co v. Allen*, 100 Ind. 409; *Penn R. R. Co. v. Jones*, 50 Penn. St. 417, 6 Amer & Eng. Encyc. of Law, p. 588, and authorities there cited.

The decree of the chancellor overruling the demurrer must be affirmed.