## WILLIAM E. FLEISCHMANN

### *vs.*

## WALTER A. HEARN ET AL.

*Interference With Easement—Mandatory Injunction—Prescription—Rights in Alley.*

Possession cannot be tacked to make out title by prescription where the deed under which the last occupant claims title does not include the land in dispute.                          p. 468

A mandatory injunction will be issued for the protection and preservation of an easement only where the right is a clear one, and not where the obstruction does not constitute a material interference with the easement, where the damage sustained is nominal, where complainant had notice of the proposed obstruction and made no protest during the completion thereof, or where he has been guilty of inexcusable laches.          p. 468

A mandatory injunction requiring the removal of an obstruction to the easement of an alley should be refused if the easement was practically abandoned by the plaintiff's lessor, and he had notice of the obstructions and acquiesced therein for more than twenty-one years.                          p. 469

Plaintiff and defendant having purchased their properties when a part of an alley thereon was built over, and there being every reason for the defendant to believe that there could be no claim for the surface of the alley, *held* that a mandatory injunction to compel the removal of obstructions in the alley should be refused.                          pp. 469, 470

Where damages will constitute an adequate remedy, a mandatory injunction will be denied.                          p. 470

Though plaintiff was not entitled to a mandatory injunction to compel the removal of obstructions in an alley, *held* that he was entitled to an injunction against interference with the use of a drain pipe running through the alley, and that plaintiff's bill should be retained for this purpose until the rights of the parties were determined in a court of law.  pp. 470, 471

*Decided June 23rd, 1922.*

Appeal from the Circuit Court of Baltimore City (STEIN, J.).

Bill by William E. Fleischmann against Walter A. Hearn and Effie J. Hearn, his wife. From a decree dismissing the bill, plaintiff appeals. Reversed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*O. Parker Baker,* for the appellant.

*Henry M. Stainback,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The bill in this case is filed in the Circuit Court of Baltimore City by William E. Fleischmann, of Baltimore City, against Walter A. Hearn and Effie J. Hearn, his wife, to procure an injunction restraining the defendants, first, from interfering with the rights of the plaintiff in the proper use of a three-foot alley therein mentioned, and secondly, to require them by a mandatory injunction to re-open the alley, to the extent it may have been closed by them, and to remove all obstructions to the proper use of the alley by the plaintiff.

The case was heard by the court below upon bill, answer, and proof, and from a decree, dated the 6th of March, 1922, refusing the injunction and dismissing the bill, the plaintiff has taken this appeal.

The bill alleges that the plaintiff is the owner of the leasehold property situated at the southeast corner of Courtland and Pleasant Streets, in the City of Baltimore, and that the defendants own the house and lot which adjoins on the east of the plaintiff's house and lot, and there is an alley three feet wide running from the southeasternmost corner of the plaintiff's lot eastward to Hargrove Alley, a public highway

formerly known as Gravel Alley, which alley, by the terms of the plaintiff's deed, he has the privilege of using.

The bill then alleges that, although the defendants' deed and the plaintiff's lease call for the alley, and each has an equal privilege to the use of the three foot alley, the defendants closed the alley for ingress and egress immediately in the rear of his lot, which gives him the use of the same and deprives the plaintiff of the use of the three foot alley (except for drainage purposes, the waste water from the plaintiff's lot has always passed through the three foot alley and that the defendants or their predecessors have never interfered with the plaintiff's use of the alley for the purpose of drainage) to the plaintiff's great and irreparable damage and injury.

The bill further charges that the plaintiff is desirous of improving his leasehold property with an office building, and the three foot alley is a necessary privilege or appurtenant, and its use will add materially to the value of the plaintiff's leasehold interest in his lot.

The bill also charges that heretofore, on July 28th, 1920, the plaintiff caused to be sent a letter to the defendants asking that the three foot alley be opened in order that the plaintiff might have the use thereof, granted him in his lease, and as an answer to this letter the defendants stated that they would open the alley for the use of the plaintiff provided he would give three feet of his lot for an alley to the east side of Courtland street, and have refused ever since to allow the plaintiff the use of the three foot alley to Hargrove Alley.

The bill then avers that, since the notification, to wit, July 28th, 1920, the defendants, on the 3rd day of September, 1920, conveyed the property unto George W. Sparks and Janie I. Sparks, his wife, who thereupon conveyed the property unto the defendants, as tenants by the entireties, which deed attempts to convey the three foot alley, as will more fully appear by reference to the last mentioned deed, filed as an exhibit in the case.

The defendants answered the bill, and for a defense contend:

First, that the plaintiff's bill fails to show such title in him as would authorize a court of equity to grant relief by mandatory injunction. Second, that any rights which the plaintiff or his predecessors in title may have had in the three foot alley, except the use of the drain pipe for surface drainage, have been lost by the adverse possession of the land by the defendants and their predecessors in title. Third, that the appellant knew when he purchased the property that he had no easement of ingress and egress through the alley, and that its use for this purpose had been abandoned by the predecessors in title of both the plaintiff and defendants for more than twenty years before the suit was brought. Fourth, that the defense of laches and acquiescence is a complete bar to the plaintiff's claim and contention.

The court below was of the opinion, after a hearing of the case, that any rights which the plaintiff or his predecessors in title may have had in the three foot strip of land in the rear of the defendants' property, No. 105 E. Pleasant Street, and referred to by the plaintiff as an alley, except the use of the underground drain pipe for surface drainage running thereunder from the plaintiff's yard to the three-foot alley beginning at the southeasternmost corner of the defendants' lot and leading to Hargrove Alley, and the use of which drain the plaintiff admits the defendants have not interfered with, have been lost by the adverse possession of this strip of land by the defendants and their predecessors in title.

The decree as passed and appealed from in this case is as follows:

"It is thereupon this sixth day of March, 1922, adjudged, ordered and decreed by the Circuit Court of Baltimore City that the legal title to the three-foot strip of land or alley in the rear of the defendant's property, No. 105 E. Pleasant Street, except

and subject to the right of the plaintiff to the use of the underground drain pipe running thereunder as aforesaid, is vested in the defendants, Walter A. Hearn and Effie J. Hearn, his wife.

"It is, therefore, further adjudged, ordered and decreed that the injunction asked for by the plaintiff in this case be and the same is hereby refused; and

"It is further adjudged, ordered and decreed that the bill of complaint in this case be and the same is hereby dismissed."

We cannot concur in the conclusion reached by the court below, in that part of its opinion of March 6th, 1922, which holds that the legal title to the three-foot strip of land or alley was in the defendant by adverse possession.

The title of the defendant to this property is derived under a deed from Richard Dorsey and wife to the defendant dated the first day of March, 1920, and the property is described in the deed as all that lot of ground situate in Baltimore City aforesaid and now known as No. 105 E. Pleasant Street, and described as follows, that is to say: Beginning for the same on the south side of Pleasant Street at a distance of twenty-two feet and six inches more or less easterly from the southeast corner of Pleasant and Courtland Streets and at the center of a division wall between the house on the lot now being described and the house adjoining on the west and running thence easterly binding on the south side of Pleasant Street twenty-two feet and six inches more or less to the center of the division wall between the house on this lot and the house adjoining to the east thence southerly on a line with the division wall last mentioned fifty-five feet more or less to an alley with the privilege of the use thereof, thence westerly parallel to Pleasant Street twenty-two feet six inches more or less to intersect a line drawn from the beginning and parallel to Courtland Street and thence reversing said line and binding thereon fifty-five feet more or less to the place of beginning.

It will be thus seen, that the defendant has only been in possession of the property since March 1st, 1920, and under a deed which only conveys to him, "fifty-five feet, more or less, to an alley, with the privilege of the use thereof."

Assuming, as urged by the defendant, that Dorsey and wife, the grantors in the deed, and the defendants' predecessors in title, had acquired title to the alley by adverse possession, this would not avail the defendant, because the deed to him from Dorsey does not appear to include the three-foot strip of land in the alley in question, and the title thereto must remain in Dorsey, if he acquired it by possession.

The general rule is stated in 2 *Corpus Juris*, 96, page 91, to be, that possession cannot be tacked to make out title by prescription where the deed under which the last occupant claims title does not include the land in dispute. It must clearly appear that the particular premises were embraced in the deed or transfer in whatever form it may have been made.

It is very clear, however, from the pleadings and the evidence in this case, that the court below was entirely right, upon the facts of the case, in refusing to grant a mandatory injunction to remove the improvements which had been erected upon the alley, as sought by the bill.

While the law is well settled that a court of equity, in a proper case, will award a mandatory injunction for the protection and preservation of an easement, the right must be a clear one, under all the authorities, to authorize equitable relief.

The rule is thus stated in 19 *Corpus Juris*, page 997: "A mandatory injunction will of course be denied where damages will constitute an adequate remedy; where the obstruction does not constitute a material interference with the rights of the owner of the easement; or where the damages sustained are merely nominal; and especially, where complainant had notice of the proposed obstruction and made no protest during the completion thereof, or had been guilty of inexcusable laches." And further: "The Court should con-

sider the relative expense and inconvenience which it would occasion to the parties; in other words, 'the balance of injury'; and should refuse to grant the injunction wherever it would operate inequitably and oppressively. While there is some authority to the contrary, the better view is that a mandatory injunction will be denied and plaintiff left to his remedy at law, where the expense of removing the obstruction is greatly disproportionate to the benefit to be derived by the owner of the easement, and where in addition thereto a merely technical right has been violated resulting in no actual damage; where the removal would bring no actual advantage to the owner of the easement." And to the same effect are the cases in this Court of *Maryland Hotel Co.* v. *Engraving Co.,* 92 Md. 725; *Bernei* v. *Sappington,* 102 Md. 185; *Greenbaum* v. *Harrison,* 132 Md. 34.

In the present case, the evidence shows that there was practically an abandonment of the easement by the appellant's lessor, except for drainage purposes, and he had notice of the alleged obstructions and acquiesced in the use of the surface of the alley by Dorsey, the predecessor in title of the defendant, for more than twenty-one years.

In *Vogler* v. *Geiss,* 51 Md. 407, this Court said, in dealing with a somewhat similar state of facts: "A party having once given his free consent to forego the use of the easement, either temporarily or permanently, and suffered other persons to act upon the faith of that agreement or consent, and to incur expense in doing the very act to which his consent was given, it is then too late for him, or those claiming under him, to retract such consent, or to throw on those relying upon his good faith the burden of restoring things to their former state and condition. This is the just and equitable principle now firmly established, and it is applied as well in courts of law as in courts of equity." *Stewart* v. *May,* 119 Md. 19; *Baugh* v. *Arnold,* 123 Md. 6.

But apart from the reasons stated, we think, the mandatory injunction in this case should be denied, because it appears from the evidence that, when the plaintiff and defendant

purchased their property, a part of the alley was built over, and there was every reason for the defendant to believe that there could be no claim for the surface of the alley by the plaintiff's lessor or those claiming under him.

We think, therefore, it is plain, under all the facts and circumstances of this case, that to grant the plaintiff's prayer for a mandatory injunction would have operated both inequitably and oppressively on the defendants and their rights to the property in question.

If the plaintiff has any rights in and to the alley in question beyond the drainage, he could recover damages at law, and, under the authorities cited, where damages will constitute an adequate remedy, a mandatory injunction will be denied.

In *Bernei* v. *Sappington,* 102 Md. 185, it was held that where a party, who claims a right to use an alley in common with others, makes no use of it, but allows the owners of the adjoining lot to close the alley, and be in exclusive possession thereof for more than twenty years, and then suffers them, without making objection, to expend money in erecting a building over the alley, he is not entitled to the aid of a court of equity to establish his right to the easement claimed, but is remitted to his remedy at law.

In *Maryland Hotel Co.* v. *Engraving Co.,* 92 Md. 725, it was held that "to compel the hotel company to tear down and destroy the costly improvements which it made while the appellee thus stood by would operate oppressively upon that company. It is well settled that the granting or refusing an injunction is always a matter resting in the sound discretion of the court and it ought not to be granted when it would operate unjustly and oppressively. *Balto. & O. R. R.* v. *Strauss,* 37 Md. 241; *Spencer* v. *Falls Road,* 70 Md. 139."

While we hold that the court below was right in denying the plaintiff a mandatory injunction, we think, under the pleadings and facts of the case, the plaintiff would be entitled to an injunction restraining and preventing the defendants

from interfering with the use of the drain pipe, which runs through the alley. The bill therefore should be retained for this purpose and until the rights of the parties are determined in a court of law.

For the reason stated, the decree of the court below will be reversed, in all respects, except its refusal to grant the mandatory injunction, and the cause will be remanded.

> *Affirmed in part, and reversed in part, each party to pay one-half of the costs in this Court and in the court below, and cause remanded.*