EDWIN P. BAUGH, JR.,

*vs.*

ALTON R. ARNOLD.

*Easements: rights of way; non-user; abandonment; inconsistent use.*

The mere non-user of an easement, even for more than twenty years, does not afford conclusive evidence of abandonment. p. 7

But a non-user for a prescriptive period, united with an adverse use of the servient estate, inconsistent with the existence of the easement, will extinguish it.       p. 7

Where year after year, for thirty years, the owners of a servient estate, through which a dominant estate was entitled to a right of way, plowed, cultivated and planted with corn, and sowed in grass the fields over which the right of way passed, such use was held to be inconsistent with the rights of the owner of the easement, and the easement was thereby extinguished.       p. 12

*Decided March 18th, 1914.*

Appeal from the Circuit Court for Howard County, to which the case had been removed from Anne Arundel County. (FORSYTHE, JR., and BRASHEARS, JJ.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Arthur R. Padgett* and *John Philip Hill,* for the appellant.

*Robert Moss* (with whom was *Joseph L. Donovan* on the brief), for the appellee.

PATTISON, J., delivered the opinion of the Court.

This is an action brought by the appellee against the appellant to recover for damages for the obstruction of an alleged right of way of the plaintiff over the lands of the defendant. At the conclusion of the plaintiff's testimony the defendant offered a prayer asking the Court to take the case from the jury. This was refused, and at the conclusion of the defendant's testimony the prayer was renewed and was again refused, and the evidence being submitted to a jury, a verdict was rendered for the plaintiff, upon which judgment was entered.

One of the questions raised by this appeal is, does the evidence of the plaintiff, corroborated as it is by the evidence of the defendant, show an abandonment and extinguishment of the easement. After a careful examination of the evidence and the law applicable thereto, it is our opinion that the right of way of the plaintiff, if it ever existed, has been extinguished by its non-user for a prescriptive period united with an adverse use of the servient estate inconsistent with the existence of the alleged easement.

The law as established in this State, *Canton Co.* v. *Baltimore City,* 106 Md. 69, and elsewhere is, that the mere non-user of an easement even for more than twenty years will not afford a conclusive evidence of abandonment, but such non-user for a prescriptive period united with an adverse use of the servient estate inconsistent with the existence of the easement will extinguish it. *Washburn on Easements,* sections 551-2; *14 Cyc.* 1195; *10 A & E. Ency. of Law,* 436; *Woodruff* v. *Paddock,* 130 N. Y. 618; *Matter of New York, Etc.,* 73 N. Y. App. Div. 394; *Smyles* v. *Hastings,* 22 N. Y. 224; *Smith* v. *Langewald,* 140 Mass. 205; *Spackman* v.

*Steidel*, 88 Pa. St. 453; *Horner v. Stillwell*, 35 N. J. L. 307; *Bentley v. Root*, 19 R. I. 205; *McKinney v. Lanning*, 139 Ind. 170; *Lathrop v. Elsner*, 93 Mich. 599; *Louisville & N. R. R. Co. v. Quinn*, 94 Ky. 310.

The right of way in this case is claimed by the plaintiff under a grant dated the 19th day of November, 1853, from one Elijah R. Arnold, the then owner of the servient estate, to one Levi Sheckells, the owner at such time of the dominant estate, as claimed by the plaintiff, whereby the grantor therein conveyed unto the grantee "his heirs and assigns, the right and privilege of the original road through his (the grantor's) farm lying in Anne Arundel county that leads to Chaney's Creek." The grant by which Sheckells became the owner of the dominant estate, if there was a dominant estate, is not in evidence, but by a deed executed on the 23rd day of October, 1877, by Ann M. Insley and Caroline E. Sherbert, the only children and heirs at law of Sheckells, certain lands therein described, said by the defendant to have been the dominant estate, were granted to Thomas H. Arnold, the grantor of the plaintiff; and in said deed reference is made to the fact that the land thereby conveyed "was a part of the same land that is described in a deed executed on the 19th day of November, 1853, by E. R. Arnold and wife to Levi Sheckells," and recorded among the Land Records of Anne Arundel County in Liber N. H. G. No. 2, folio 626, etc.; and in this deed were granted to Thomas H. Arnold the right and ways, etc., appurtenant to the lands so conveyed "especially the right of way granted to the said Levi Sheckells and assigns by deed from E. R. Arnold dated the 19th day of November, 1853, and recorded among said Land Records in Liber N. H. G. No. 2, folio 630.

The lands mentioned in the deed from Ann M. Insley and Caroline Sherbert to Thomas H. Arnold were thereafter conveyed on the 23d day of February, 1885, by the said Thomas H. Arnold unto his son Alton R. Arnold, the plaintiff, together with the ways, appurtenances and advantages thereto

belonging. In this deed, however, no special reference is made to the right of way granted on November 19th, 1853, by Elijah R. Arnold to Levi Sheckells, nor was special reference thereto necessary to convey such right had it existed at such time. The failure to mention it specially is referred to only as reflecting upon the fact whether or not at such time it existed.

The plaintiff, when on the stand, located upon the lands of the defendant the right of way mentioned and described in the grant from Arnold to Sheckells dated November 19th, 1853, as "the original road" through the farm at that time owned by Elijah R. Arnold, the grantor, and at the request of the defendant located the said right of way upon a plat, a reduced *fac simile* of which is given below.

The original road as located by him is designated on said plat as A, B, C, D, E. The point A is on the county road at or near the present entrance of the defendant's property, and is the place at which the obstruction complained of is located, and the point E is on the bank above Chaney's Creek. The line from D to F upon the plat represents a private road leading from D to the Severn River and over which the plaintiff claims no right of way, although he and others have frequently used it, by the permission of the prior owners of the land now owned by the defendants. The bank of Chaney's Creek at point E is variously estimated by the witnesses to be from thirty to sixty feet.

The evidence of the plaintiff discloses that about thirty-five or forty years ago Sheckells used the road or way from A to E in hauling wood to Chaney's Creek; that upon reaching the point E they would throw the wood down the bank into the water below. The plaintiff states that he recalls the use of this road by Sheckells for the purposes aforementioned, but he, the plaintiff, never used the way from D to E nor has he ever heard of any one else using that part of said road since it was used by Sheckells thirty-five or forty years ago, and in fact he never knew of the alleged right of way over the land of the defendant until about three years ago, when he discovered it in the grant above referred to from Elijah R. Arnold to Levi Sheckells. He further testified that the land between D and E has been continually plowed up, sowed and cultivated in crops, that is, such part of it as lies between D and the wooded lands bordering upon the bank of the creek, and that it is now impossible to distinguish at such place exactly where the road once ran.

John Day, a witness produced by the plaintiff, testified that he was eighty-two years old; that he had lived near the defendant's property all his life; that he knew Mr. Sheckells; also knew his daughters, the grantors in the deed to Thomas H. Arnold; he was also familiar with the alleged

right of way over the lands of the defendant as located by the plaintiff, and that Sheckells used this right of way to haul wood to Chaney's Creek "as long as there was any wood to be hauled"; that he had recently seen the road, but he could not locate it over the field because it had been cultivated over; that it had been cultivated for "a good ways back" in rye, corn and other crops; he could not say that Mr. Arnold had cultivated it or that Mr. Baugh had, but it had been cultivated by Mr. Revell.

John Y. Hall, another witness produced by the plaintiff, testified that he was forty-seven years of age. He knew the property now owned by the defendant and had lived on the adjoining farm all his life. He was then asked: "Did you know the road that led through Baugh's farm to Chaney's Creek?" Ans. "I know the road that was used before it was ploughed up thirty-five years ago."

Mr. William T. Revell, a witness produced on the part of the defendant, testified that he owned the property now owned by the defendant until he conveyed it to the defendant in the year 1907; that he owned it for about four years; prior to that his mother owned it for twenty-five or thirty years; that he lived upon the farm all the time that his mother and he owned it; that the whole time he was upon the farm, so far as he knew, no one claimed or exercised any right of way over it; he permitted Mr. Arnold and others to use the landing on Asquith creek and the Severn river for "the landing of manure and the loading of watermelons." He further testified that when he first went upon the farm there was a peach orchard between D and E; upon the alleged right of way. This orchard he grubbed up and thereafter the land was planted and cultivated in crops by him, and that during the whole thirty years thereafter that he was upon the property no one ever used any road or way from D to E in going to Chaney Creek.

"An adverse and hostile use of the servient estate inconsistent with the rights of the owner of the easement will

start the statute of limitations running to defeat his right, and a continuous adverse use for the period of the statute will establish a right by prescription in the adverse claimant." *Jones on Easements,* section 865.

The plowing of the ground and the sowing and culitvation of crops therein, such as rye and corn, year after year, upon the alleged right of way as shown by the plaintiff's testimony, was inconsistent with the rights of the owner of the easement, and this obstruction continuing for thirty-five years extinguished such right of way or easement, and thus the plaintiff was not entitled to recover, and therefore the prayer of the defendant taking the case from the jury should have been granted.

There are some other questions presented, but inasmuch as we are of the opinion that the plaintiff failed to make out a case for the jury and is therefore not entitled to recover, we will not consider them. We will reverse the judgment below without granting a new trial.

> *Judgment reversed, without a new trial, with costs to the appellant.*