## SAMUEL NEEDLE *v.* ISADORE SCHEINBERG, ET AL.
[No. 8, October Term, 1946.]

*Decided October 30, 1946.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Eldridge Hood Young,* with whom was *Sidney Needle* on the brief, for the appellant.

*Paul L. Cordish* for the appellees.

MARKELL, J., delivered the opinion of the Court.

This is an appeal from an order overruling appellant's demurrer to appellees' bill against appellant and Charles B. Smack and Coca-Cola Bottling Company. The bill alleges in substance that:

By a lease dated May 3, 1940, one Hondroulis let to appellees "the property known as No. 220 North Eutaw Street," in Baltimore, "to be used for the purposes of retailing and manufacturing of electric lamps and appliances," for a term of five years from June 1, 1940, with an option to renew the term for an additional five years after the expiration of the original term. The option to renew was exercised on January 5, 1945. On July 31, 1945, Hondroulis conveyed the property to appellant. Appellees then were and now are "the tenants in possession of said premises in its entirety." Appellant on August 1, 1945, notified them to pay, and has continued to accept from them, the rental under the lease. On October 10, 1945, appellant, without appellees' consent,

demised "the exterior south wall of the said premises" to Smack, and Smack then sublet "the said wall space" to the Coca-Cola Company. Smack caused "to be painted on said wall a large advertising sign" which advertises Coca-Cola. When the painters began, appellees "objected strenuously" and "requested that they cease and desist from their destructive trespass" on appellees' property and "the said interference with their possession." In spite of appellees' protests to the respondents, the respondents "completed the erecting and painting of said sign" and have refused to remove it and restore the wall to its previous condition.

Appellees aver that by reason of their lease they are entitled to "the entire possession of the interior and the exterior of the demised premises," and to the use of the south wall "for any use consistent with their authorized use of the premises," or, if they choose, to have the space remain unused; they "have been, pursuant to said lease, in complete and uninterrupted possession of said entire premises" since July 1, 1940, "have been injured and damaged by their being unlawfully deprived of the use and possession of said wall, have been deprived of the use of same for advertising in connection with their own business," and have suffered other injuries and damages consequent upon having, on the exterior of their premises, a "large, conspicuous and unsightly" sign advertising a product entirely disconnected with their business.

The bill prays (1) that the respondents be required by mandatory injunction to remove any and all advertising signs which they have caused to be painted on the south wall and to restore the wall to its previous condition and (2) be enjoined from placing any other signs on the wall until May 31, 1950; and (3) for general relief.

Smack and the Coca-Cola Company answered the bill. Smack says he agreed to rent the south wall from appellant for $300 a year for the purpose of painting a Coca-Cola advertisement on it; he paid the occupant of the

adjoining parking lot $39 for space required while the advertisement was being painted; he was to receive a rental of $850 a year from the Coca-Cola Company for the sign. Appellant correctly says that Smack's answer is not before us on appellant's demurrer. But it may be assumed from the bill (until denied by appellant by answer) that Coca-Cola Company paid for the sign, that appellant, Smack and the adjoining occupant were paid for use of space and for the painting, and that consent to undo the trespass can as readily be obtained from the adjoining occupant as consent to commit the trespass.

Appellant contends, not that he had a right to paint a sign on appellees' wall, but (1) that the bill is deficient in not stating sufficient facts to warrant granting the relief prayed and (2) that appellees have a full, complete and adequate remedy at law.

Appellant's grounds of demurrer are without merit. The first is on its face untenable. The lease (filed as an exhibit) and the bill described the property by street and number, a customary method of description in Baltimore and elsewhere. *Brager v. Bigham,* 127 Md. 148, 149, 151, 152, 96 A. 277; *Riddle v. Littlefield,* 53 N. H. 503, 16 Am. Rep. 388; *Goldfoot v. Welch,* 1914, 1 Ch. 213, 217. It is not necessary (as appellant contends) to allege "the kind or character" of the building, "whether it is permanent or temporary, its height, construction or dimensions, whether or not it extends over the whole lot, what it adjoins or abuts on the south," or who owns the adjoining property. It is sufficient that without authority a Coca-Cola sign has been painted on appellee's wall. If it should not be possible (by getting the adjoining occupant's consent or by making him a party, as a participant in the trespass) to give appellees adequate relief by painting out the sign, the court could give them inadequate pecuniary relief. Such relief may in any event be necessary for the period until the sign is removed. There is no material conflict between appellees' averments that they are in possession and have been deprived of possession; both are substantially true,

as they would be if a bomb, instead of a Coca-Cola sign, had been put on the property.

Apart from anything in the lease itself to limit it, a lease of a building includes the external walls. Apparently this has never been disputed, but with respect to a lease of part of a building, *e. g.*, a room or a floor, contentions to the contrary have often been made. In most cases the same rule has been held applicable to a lease of part of a building or an entire building. *Lowell v. Strahan*, 145 Mass. 1, 12 N. E. 401, 1 Am. St. Rep. 422; *Riddle v. Littlefield, supra; Goldfoot v. Welch, supra.* Without so holding, the New York Court of Appeals has held that the tenant of a floor may enjoin his landlord from putting an advertisement on the outside wall of the tenant's floor. Judge Cardozo said: "The defendant would have us hold that, without redress, the space occupied by a lawyer may be advertised by signs as devoted to the promotion of a gold mine, and an institute of learning as a wareroom for a proprietary medicine. We are unwilling to believe that the tenant is so helpless." *Stahl & Jaeger v. Satenstein*, 233 N. Y. 196, 135 N. E. 242, 243, 22 A. L. R. 798. See also note, and cases cited, 22 *A. L. R.* 800.

In the case at bar it is not necessary to construe the lease and decide whether appellees are entitled to paint or otherwise put advertising on the south wall.

Appellant's contention against jurisdiction in equity is equally untenable, though it might have been arguable a century ago. *Amelung v. Seekamp*, 1838, 9 Gill & J. 468. Appellees are not required to paint out the sign and sue for damages, and to that end to obtain the consent of the adjoining occupant. It has long been recognized that, though a "fugitive and temporary" trespass will not be enjoined, a continuing trespass will be enjoined if it "would be ruinous or irreparable, or would impair the just enjoyment of the property." *Story, Equity Jurisprudence* (1835; 13th Ed., 1886), Sec. 928; *White v. Flannigain*, 1852, 1 Md. 525, 54 Am. Dec. 668; *Chesapeake Brewing Co. v. Mt. Vernon Brewing Co.*, 107 Md.

174

528, 68 A. 1046 (tenant against landlord and another).; *Baltimore Butchers Abattoir & Live Stock Co. v. Union Rendering Co.*, 179 Md. 117, 120, 17 A. 2d 130 (tenant against landlord). As Judge Cardozo's words indicate, there is no adequate remedy at law for making an electrical appliance building a Coca-Cola advertisement.

*Order affirmed, with costs.*