## ERNST *v.* KEOUGH

[No. 134, October Term, 1950.]

*Decided April 13, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MAR-KELL, JJ.

*Julius G. Maurer* for appellant.

*Robert D. Barlett* for appellee.

MARBURY, C. J., delivered the opinion of the Court.

This is a suit at law brought against The Most Reverend Francis P. Keough, a corporation sole. The amend-

ed declaration alleges that the plaintiff was seriously and permanently injured when she fell while descending the stairway of St. Ambrose Church in Baltimore, owned by the defendant. The plaintiff had been attending a bingo game in the church, and alleges that she fell because the stairway was slippery and unsafe, was insufficiently lighted and otherwise not properly protected. The first count in the declaration alleges that the defendant was engaged in the business of conducting bingo games for profit, and there is no restriction as to the amount the plaintiff may recover, except the general damage claim of $25,000. The second count limits the plaintiff's claim to the net profits from defendant's business operations, that is, the bingo game. The third count alleges that the defendant is insured against such actions and plaintiff's claim in this count is limited to the amount of such policy or policies of insurance. It is stated that these policies contain a provision that the insurer or insurers shall be estopped from asserting, as a bar to plaintiff's claim, that the defendant is immune from liability on the ground that it is a charitable or religious institution.

The defendant demurred to the amended declaration and the demurrer was sustained by Judge Sayler, sitting in the Superior Court of Baltimore City, with leave to amend within fifteen days from October 2, 1950. The plaintiff declined to amend, and filed her appeal here on October 31, 1950. The appellee has filed a motion to dismiss this appeal on the ground that it was not taken from a final judgment. This motion must be granted. *Montgomery County Welfare Board v. Donnally,* 195 Md. 442, 73 A. 2d 505.

Counsel for appellant stated in open court that he was fully aware of the fact that no final judgment had been entered in the case in favor of defendant for costs, from which ordinarily an appeal would and could have been taken. He stated, however, that he had made numerous efforts and oral requests to get the trial judge to enter such a judgment, but the latter had refused. Therefore

appellant contends that she has no other remedy except appeal from the order sustaining the demurrer. With this contention, we are unable to agree.

Where a demurrer to a declaration is sustained, the court will ordinarily enter a judgment for defendant for costs if the plaintiff fails to amend the declaration within the time allowed by the court. The defendant is entitled to have this done (Poe's Pleading and Practice, Vol. 2, Paragraph 360) and will ordinarily ask for it, but if it does not, as in the case before us, the plaintiff cannot be thereby precluded from taking an appeal to this court. Nor can the court itself prevent an appeal from its ruling by its failure to enter up a final judgment where one is requested. Such requests, however, must be made in a formal manner by motion, which has not been done in the case before us. We cannot accept counsel's statements in place of such a motion and orders or docket entries showing the action of the trial court on such motion. If such a motion is made by the plaintiff for the purpose of having a judgment against her entered so that she can perfect an appeal here, we cannot assume that the judge now sitting in the Superior Court of Baltimore City will decline to grant it and to enter up such a judgment. Until such a motion is filed and action is taken upon it, however, there is no final record disposition of the case from which an appeal can be taken here. This appeal will therefore have to be dismissed without, of course, prejudice to any rights the plaintiff may have when a final appealable judgment or order has been passed below.

*Appeal dismissed with costs.*