633 A.2d 913

**Euna S. FORRESTER**

v.

**Kenneth A. KILER, et ux.**

**No. 333, Sept. Term, 1993.**

Court of Special Appeals of Maryland.

Dec. 6, 1993.

John T. MaGuire, II (Hollman, Hughes, Finch and MaGuire, Chartered, on the brief), Westminster, for appellant.

Elwood E. Swam, Hampstead, for appellees.

Argued before WILNER, C.J., and ALPERT and WENNER, JJ.

WENNER, Judge.

This appeal concerns the history of an old road in the woods (the woods road) that passes through the properties of neighboring landowners. Appellant, Euna Forrester, has noted this appeal from a judgment of the Circuit Court for Carroll County declaring that she had no prescriptive right to use the woods road that passes through appellees', the Kilers, property. On appeal, she asks:

1. Did the trial court incorrectly apply *dicta* from *Wilson v. Waters*, 192 Md. 221, 64 A.2d 135 (1949) to establish an exception for cases involving unimproved woodlands to the ordinary rule that unexplained use for more than twenty (20) years is presumed to be adverse?

2. Did the trial court err when it found that the prescriptive easement used by appellant travels through woodlands, wildlands or other lands in the general state of nature, for purposes of applying a presumption that Appellant's long-standing regular use of the easement was merely permissive?

3. Assuming *arguendo* that there is a presumption that Appellant's use was permissive, did the trial court err in finding that Appellant failed to overcome this presumption in light of the uncontroverted evidence establishing her adverse use?

4. Did the trial court err in refusing to allow Appellant to testify about statements made to her about the easement by the previous owners of her property when she purchased the property from them in 1947?

5. Did the trial judge err when he failed to award compensatory damages, including attorney's fees and costs, to Appellant for trespass against her property rights in the easement?

Finding no error, we shall affirm the judgment of the circuit court.

## BACKGROUND

In 1947, appellant and her husband, now deceased, purchased two non-contiguous parcels of property in Carroll County, Maryland. The first parcel (the "front lot"), is located on Maryland Route 30, and on it sits the farmhouse in which appellant lives. The second parcel (the "back lot"), is located several lots east of the front lot. The back lot is principally wooded, but contains 10 acres of cleared farmland.

The woods road connects appellant's front and back lots. It is eight to twelve feet wide and approximately 1250 feet long. Since 1947, appellant and her family have used the woods road to travel between their two lots. The woods road has been used for hauling trash, for moving farm equipment between the front and back lots, and for a variety of recreational purposes. Nevertheless, it is not the only means of reaching appellant's back lot.

Much of the property over which the woods road passes was once part of a 107 acre tract of land owned by George and Martha Wentz that was divided in 1975. As a consequence, from appellant's front lot, the woods road crosses four separate lots, appellees' being the last one the road crosses before it reaches appellant's back lot.

Appellees purchased their lot containing 8 acres of wooded land in 1988. They have asked that appellant stop using the road, and have placed barriers on it. In fact, appellees charged appellant with criminal trespass, but the charge has been dismissed.

Appellant's request for a declaratory judgment that she had a prescriptive right to use the road was denied.

## DISCUSSION

■ In order to establish an easement by prescription, the party claiming it must prove that the use was adverse, exclusive, and uninterrupted for a period of twenty years. *Shuggars v. Brake*, 248 Md. 38, 45, 234 A.2d 752 (1966), *Clayton v.*

*Jensen,* 240 Md. 337, 214 A.2d 154 (1965), *Condry v. Laurie,* 184 Md. 317, 41 A.2d 66 (1945).

When a use has gone unexplained for twenty years or more, a presumption arises that the use was adverse, *Shuggars,* 248 Md. at 45, 234 A.2d 752, and the burden of proving that the use was permissive or by license is upon the owner of the servient estate. *Lichtenburg v. Sachs,* 200 Md. 145, 88 A.2d 450 (1952).

Many of our sister states have recognized that an exception to the presumption exists when property in controversy consists of unenclosed and unimproved wild lands or woodlands. *See generally* 3 Richard R. Powell, *The Law of Real Property,* ¶ 413. Thus, when unenclosed and unimproved wildlands or woodlands are involved, the presumption is that the use was permissive, and the burden of proving that the use was adverse or under a claim of right is upon the one asserting these rights. *Id.*

The states that have adopted this exception have explained that in the case of unenclosed woodlands, permission is presumed because, otherwise, "[a]n owner could not allow his neighbor to pass and repass over a trail, upon his open, unenclosed land without danger of having an adverse title successfully set against him." *Larue v. Kosich,* 66 Ariz. 299, 302, 187 P.2d 642, 645 (1947). Moreover, "[a] landowner who quietly acquiesces in the use of a path, or road, across his uncultivated land, resulting in no injury to him, but in great convenience to his neighbor, ought not to have thereby lost his rights." *Weaver v. Pitts,* 191 N.C. 747, 133 S.E. 2, 3 (1926).

**I.**

Appellant acknowledges that several Maryland cases have mentioned the so-called woodlands exception in *dicta,* but she contends that the exception has not become the law of this state. We disagree.

In *Wilson v. Waters,* 192 Md. 221, 228, 64 A.2d 135 (1949), the Court of Appeals recognized that "[i]t is true that some

courts have ruled that the fact that land, over which a right of way is claimed, was 'unenclosed' raises a presumption that the use was permissive." Although *Wilson* did not involve the use of the woodlands exception, the Court noted that when "wild land, woodland, or other land in a general state of nature" is involved, "it may be presumed that use of the land is permissive, because it is the custom of neighboring owners to travel over such land for pleasure or convenience, and the owners usually make no objection to their doing so." *Id.* at 228, 64 A.2d 135.

Similarly, in *Leekley v. Dewing,* 217 Md. 54, 57, 141 A.2d 696 (1958), the Court of Appeals explained the reason behind the woodlands exception:

" . . . because it was the custom of neighbors to travel over such land for pleasure or convenience and the owners usually make no objection to their doing so, or because use in the wild, unoccupied territory would not be apt to be brought to the actual notice of the owner so he could object."

We note that *Wilson* and *Leekley* both recognized that, in determining whether a prescriptive easement exists, permission will be presumed in the case of wooded, unenclosed land. In *Wilson* and *Leekley,* however, the Court determined that the land involved was neither unenclosed woodlands nor wild lands as contemplated by the woodlands exception, and thus found the exception inapplicable. *See also Feldstein v. Segall,* 198 Md. 285, 295, 81 A.2d 610 (1951).

█ It is nonetheless clear to us that the woodlands exception is the law in Maryland.[1] Even though after discussing

---

1. Maryland has long recognized that the type of proof necessary to show adverse possession varies according to whether the land is uncultivated, as opposed to enclosed, or improved. *See Goen v. Sansbury,* 219 Md. 289, 296, 149 A.2d 17 (1959) ("It is true that in determining whether there has been actual possession of property, there must be considered its character and locality, and the uses and purposes for which it is naturally adapted, since possessor acts of an outlying and uncultivated piece of land may be proved by acts of ownership somewhat different from those required with regard to land under enclosure

the woodlands exception in *dicta* the Court concluded that the exception was not applicable to the facts before it in *Wilson* and *Leekley*, it would not have discussed the exception so thoroughly if it were not the law. Consequently, in the case *sub judice*, after concluding that the woods road passed through appellees' wooded, unenclosed land, the circuit court correctly applied the woodlands exception in declaring that appellant had no prescriptive right to use it. There was no error.

## II.

In *Wilson*, 192 Md. at 228, 64 A.2d 135, the Court acknowledged that the woodlands exception was not applicable to unenclosed property, such as "vacant lots in urban districts" that have been "cleared and cared for." The Court then suggested that the woodlands exception be applied only to "unimproved property." *Id.*

■ Appellant contends that, because of the trash dump, appellees' lot should be considered "improved" and the woodlands exception should not apply. We reject that contention because we do not believe that a trash dump on appellees' entirely wooded lot is the type of "improvement" the *Wilson* Court envisioned.

In short, we conclude that the circuit court was correct in holding that appellees' lot was unimproved.

## III.

Appellant contends that, despite the woodlands exception, she has presented sufficient evidence of adverse use to overcome the presumption that her use of the woods road was permissive.

We recognize that, "regardless of whether the search for the character of the use starts with a presumption that it was

and actual cultivation."); *see also Blickenstaff v. Bromley*, 243 Md. 164, 170–71, 220 A.2d 558 (1966); *Bratton v. Hitchens*, 43 Md.App. 348, 358–59, 405 A.2d 333 (1979).

adverse, the answer ultimately must be found from the strength of the proof in the particular case." *Leekley,* 217 Md. at 59, 141 A.2d 696. Noting that his decision turned upon a careful assessment of the facts before him, the trial judge considered the testimony of each of the thirteen witnesses, and summarized their testimony in his Memorandum Decision and Order.

In reviewing the trial judge's findings of fact, we may not substitute our judgment for that of the trial judge, "but ... only determine whether those findings are clearly erroneous in light of the total evidence." *Rudo v. Karp,* 80 Md.App. 424, 564 A.2d 100 (1989), *quoting Colburn v. Colburn,* 15 Md.App. 503, 292 A.2d 121 (1972).

■ An "adverse" use is often characterized as one that is "hostile." "Hostile" use, however, "does not require a heated controversy or unpleasant manifestation of force. The use is 'hostile' when there is possession and use under the claim of right." *Clayton v. Jensen, supra,* 240 Md. at 343, 214 A.2d 154.

■ Appellant contends that she presented sufficient evidence to prove that she used the woods road under a claim of right. She points out that the woods road was clearly defined, has not changed in location over time, and was maintained by appellant's family. Moreover, she believes that she has a legal right to use the woods road.

We recognize, as appellees assert, that evidence contradicting appellant's claim of adverse use was also presented. Although there was testimony that appellant and her family had maintained the road by placing stones on it and trimming the branches of trees along it, there was other testimony that this maintenance was not done on the portion of the woods road that crossed appellees' lots. Testimony was also presented that other neighboring landowners had from time to time maintained the woods road.

Appellant contends that until this controversy arose she believed that she had obtained her right to use the woods road

from her deed, but several of her neighbors testified that appellant had asked them for permission to use it. In addition, several of appellant's witnesses testified that permission to use the woods road was presumed amongst the owners of the properties through which it passed.

After weighing all of the evidence before him, the trial judge concluded that "the woods road in question was totally wooded and unimproved and unenclosed during establishment of the use and that when all of the testimony and evidence are considered, there is insufficient evidence to overcome the presumption of permissiveness." Based on our review of the record, and on our understanding that in a bench trial it is the function of the trial judge to weight conflicting evidence, we hold that his conclusion was not clearly erroneous.

## IV.

Appellant finally contends that the trial judge erred in not permitting her to testify about statements made to her by the former owner of her property concerning her right to use the woods road. Appellant had testified that she believed that she had a legal right to use the road, and asserts that the statements of the former owners of her property were thus admissible to show her state of mind with respect to her right to use it.

Assuming, without deciding, that the statements were admissible, we point out that "[a]n erroneous ruling on the admission of evidence will not justify a reversal unless there has been prejudice resulting from the ruling." *Franklin Construction Co. v. Welch,* 251 Md. 715, 724, 248 A.2d 639 (1968).

As we have said, the trial judge's Memorandum Decision and Order turned upon his careful assessment of the facts, and his careful consideration of all of the evidence before him. Although the trial judge concluded that appellant believed she had a right to use the woods road, he also considered evidence showing that she had acted in a manner inconsistent with that belief. Under the circumstances, we do not believe that the

exclusion complained of in any way prejudiced appellant. Thus, the trial judge's error, if error it was, in refusing to permit appellant to testify about statements made to her by the former owner of her property was harmless.

## V.

In light of our previous conclusions, we need not reach the issue concerning appellant's damages.

**JUDGMENT AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**