LICHTENBERG et ux. v. SACHS

[No. 156, October Term, 1956.]

148

*Decided April 17, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Theodore G. Bloom,* with whom was *Albert J. Goodman* on the brief, for the appellants.

The Court declined to hear argument for the appellee.

*George B. Woelfel* on the brief for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

This case had its origin in 1950, when Jerome M. Lichtenberg, one of the appellants, patrolled the right of way to the thirty-five acre farm of Edward J. Sachs, Jr., the appellee, with a 45 automatic pistol and refused to permit Mr. Sachs to go on the premises of the appellant for the purpose of grading his right of way. Thereupon, Edward J. Sachs, Jr., brought suit in the Circuit Court for Anne Arundel County seeking an injunction to restrain said appellant, Jerome M. Lichtenberg, from interfering with the right of way of the appellee. At the time of the filing of that bill of complaint, the appellants had no deed to the property and the suit was brought against Jerome M. Lichtenberg, alone, because it was he who forcibly interfered with the appellee's use of the easement. On the day of the trial in January, 1951, the appellee in this cause sought a continuance, because, subsequent to the filing of the bill of complaint, the appellants procured a deed from John R. Norris, trustee, dated December 8th, 1950, for some ninety-seven acres of unimproved land as tenants by the entireties, however, the wife, Evelyn E. Lichtenberg, being present in court consented, through her solicitor, to be made a party defendant and the pleadings filed by her husband were also adopted as her pleadings. The notations were made on the docket by the clerk in open court and the case was finally heard and determined. On the first day of November, 1951, Judge Clark granted an injunction restrain-

ing the appellants from interfering with the unobstructed use of the right of way of the appellee "as said right of way is now laid out." An appeal was taken to this Court, and the decree of the Chancellor was affirmed. *Lichtenberg v. Sachs,* 200 Md. 145, 88 A. 2d 450. In less than two years, the appellants had a plat made of the property for the purpose of developing the same and laid the entire tract off in lots and streets ignoring the right of way.

Shortly thereafter, the appellants built one house which was about one foot over the right of way on the south side, however, the appellee could still drive in and out. Being successful in that venture, the appellants built another house on the opposite side of the way encroaching thereon another foot, however, the appellee still had enough room for ingress and egress, and no action was taken against them at that time. The appellants then started another house directly in the center of the right of way which totally deprived the appellee of his right of ingress and egress. A petition was immediately filed by the appellee to enjoin the appellants from continuing the construction of the house and to show cause why they should not be cited for contempt. The appellants put the construction under roof and stopped work. The appellants then filed this suit for a declaratory decree requesting the court to close the existing right of way upon providing the appellee with a comparable means of ingress and egress. The appellee filed his answer to the bill alleging that the appellants were determined to circumvent the former decree of the court. Testimony was duly taken, and, after a hearing, the Circuit Court for Anne Arundel County, by its decree, dismissed its bill of complaint. This appeal is from that decree.

The appellants claim to raise two issues which they set forth as follows:

(1) If the appellee were to bring an action in equity against the appellants for injunctive relief, would the Court compel the appellants to reopen the original right of way, or would it require the appellee to accept monetary damages for its having been permanently closed?

(2) Where, by reason of extreme hardship, a Court of

Equity, in an action brought by the appellee, would not have compelled the appellants to reopen the original right of way but would limit the appellee's remedy to recovering monetary damages, may the appellants obtain a declaratory decree limiting their liability to the payment of damages?

As we view this suit, it is unnecessary to answer (1); so, we proceed to (2). The appellants admit that they have wronged the appellee, but argue that if the appellee had sought relief, he would have been required to elect to sue for damages or for a mandatory injunction. They contend that if the appellee had selected the latter remedy, under the doctrine that where, by reason of undue hardship, a Court of Equity will deny injunctive relief and leave the plaintiff to his remedy at law, *Easter v. Dundalk Holding Co.,* 199 Md. 303, 305, 86 A. 2d 404, the appellee would have been denied injunctive relief, and required to accept whatever was a reasonable amount for his damages. This is a rather novel argument, and totally ignores the possibility of the remedy of ejectment. However, as was stated in the *Easter case, supra,* it is an established rule that where a landowner, by *innocent mistake,* erects a building which encroaches on adjoining land, and an injunction *is sought* by the owner of the land encroached upon, the court will balance the benefit of an injunction to the complainant against the inconvenience and damage to the defendant, and where the occupation does no damage to the complainant except the mere occupancy of a comparatively insignificant part of his lot, or the building does not interfere with the value or use of the rest of his lot, the court *may decline* to order the removal of the building and leave the adjoining landowner to his remedy at law. The above argument loses sight of the fact that in the class of cases just mentioned the landowner, whose property has been trespassed upon, is the plaintiff *seeking* the extraordinary remedy of injunctive relief; and, where the relief, if granted, would work a grossly disproportionate hardship, it may be refused.

In the suit at bar, the plaintiffs are not persons who have made an innocent mistake, but are ones, who, after a hotly contested equity suit, in which they were enjoined by the

Court from interfering with the unobstructed use of the right of way, have deliberately obstructed the same. They now request this Court to require that the defendant submit to a relocation of the right of way, and accept consequent damages for its relocation. Even if this Court were inclined, under the above circumstances, to grant such relief, it has no authority to do so. There are constitutional barriers that definitely prevent its granting. The request that the plaintiffs be allowed to relocate the defendant's right of way and permitted to pay him damages for such relocation amounts to a request that private property be taken for private use. No court has authority to compel the owner of land to surrender his property to another person, lacking the power of eminent domain, in exchange for a sum of money; because, the taking of one person's property for the private use of another, even with full compensation, is a deprivation of property without due process of law in violation of Article 23 of the Maryland Declaration of Rights and the Fourteenth Amendment of the Constitution of the United States. *Easter v. Dundalk Holding Co., supra,* p. 307 of 199 Md.

It may be noted that the bill of complaint prayed only for a declaratory decree that the plaintiffs had a right to permanently close the defendant's right of way upon furnishing him with a comparable means of ingress and egress and the payment of damages. Since the appellees have no such right, the Chancellor was correct in dismissing the bill of complaint.

*Decree affirmed, with costs.*