## CARR'S BEACH AMUSEMENT COMPANY, INC. *v.* ANNAPOLIS ROADS PROPERTY OWNERS ASSOCIATION, INC. ET AL.

[No. 200, September Term, 1959.]

394

*Decided May 13, 1960.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Thomas J. Curley* and *George B. Woelfel* for the appellant.

*R. Cresap Davis,* with whom were *Hyman Ginsberg* and *Ginsberg & Ginsberg* on the brief, for the appellees.

PRESCOTT, J., delivered the opinion of the Court.

Carr's Beach Amusement Company, Inc. (Carr's), the defendant-appellant, leases some fifteen acres of water-front property in Anne Arundel County, upon which it operates a public bathing beach and amusement park. As a result of suit being instituted against it by complaining owners of nearby residential properties, it was enjoined from "operating and maintaining their loudspeakers or public address systems at

such excessive levels of sound volume as to penetrate the private homes of the individual plaintiffs herein so as to disturb the comfortable enjoyment of their said homes by the said plaintiffs or any of them, and subject to the further order of this Court."

The position taken by the appellant is rather unusual and extraordinary. It concedes that if the plaintiffs are entitled to an injunction, the form and scope of the chancellor's decree are correct. It almost concedes that its conduct of the amusement park has, in a legal sense, constituted a nuisance, stating that it will, "not simply concede but strongly suggests that a public beach and amusement park such as Carr's beach * * * would be, under any circumstances, a matter of some inconvenience and annoyance from the point of view of nearby residents." It admits it is familiar with the rule stated in the case of *Meadowbrook Swimming Club, Inc. v. Albert, et al.,* 173 Md. 641, 197 A. 146 (which will be mentioned later), but goes on to argue that the "plaintiffs came to the alleged nuisance," and, if this be considered with all of the other circumstances of the case, and the principle of balancing conveniences and inconveniences (some law books now refer to this principle in terms of the gravity of the harm weighed against the utility of the activity causing the harm. 1 Harper and James, *Law of Torts,* § 1.24; Restatement, *Torts,* Sections 826-828), had been properly applied, then the court should not have issued its injunctive decree. In other words, its contention is, that even if it has been conducting its business so as to maintain a legal nuisance, this Court should sanction a continuation of that nuisance under the particular circumstances of this case.

That part of appellant's argument which deals with the plaintiff's "coming to the nuisance" may be disposed of summarily. The only complaint against the operation of the defendant's business is the excessive sound volume emanating from the loud-speakers and public address systems. At least two of the plaintiffs (and perhaps more of the predecessors in interest of the plaintiffs) had built and occupied substantial and costly homes before Carr's was established. The predecessor in interest of the plaintiff, Beall, built his home in

1928, and, at that time, though Carr's was in existence, there was testimony that it was conducted in an orderly and quiet manner. Thus, it is seen that, at least, some of the plaintiffs had constructed and occupied their dwellings long before there were any disturbing noises from Carr's, and, therefore, did not "come to the nuisance," so, whatever may have been the legal effect, if any, had they in fact done so, need not be discussed nor considered further.

The only other reasons advanced by the appellant as to why the principle of balancing conveniences and inconveniences should be applied are that it has some $135,000 invested in its enterprise, and the operation of the amusement park is a public benefit, which it insists will be lost if the injunction stands, as it will be forced out of business. We do not deem it necessary to make a lengthy or comprehensive exposition of the above principle; for, obviously, the instant case does not present a proper factual background for its application. Generally speaking, it is simply that in cases in which some element of estoppel enters or where the question is affected by a public interest, if the inconvenience or loss resulting to a complainant from the continuance of a nuisance will be slight as compared with the inconvenience to the public or the loss to the defendant resulting from its abatement, equity will, ordinarily, refuse relief. *Huebschmann v. Grand Company,* 166 Md. 615, 621, 172 A. 227; 1 Harper and James, *op. cit.,* § 1.24, p. 74; Restatement, *Torts,* § 826-828. Cf. *Lichtenberg v. Sachs,* 213 Md. 147, 131 A. 2d 264, and *Dundalk Holding Co. v. Easter,* 215 Md. 549, 137 A. 2d 667, cases that involved encroachments upon properties, not nuisances.

In the case at bar, the nearby property owners, presumably, had an equal, if not greater, investment in their properties than the investment of the defendant: one of the plaintiffs testified that his property had cost him more than $37,000. And the chancellor found that the inconvenience to the plaintiffs was not "slight," but that the loud noises caused "actual physical discomfort to the plaintiffs" and "seriously" interfered with the ordinary comfort and enjoyment of their properties as dwellings (findings that we will later affirm). No element of estoppel is present here. And it is very difficult to conceive how the chancellor's decree is going to "force the

appellant out of business." It simply prevents the operation of the loud speakers and public address systems at excessively high sound levels. With the nearest residence some 1200 feet from where the bands play in the amusement park, there would seem to be little need for the amplification system to be set so high as to annoy seriously persons of ordinary tastes and sensibilities, in order for the public to continue to patronize the place.

The case was, we think, properly decided by the chancellor. It would serve no useful purpose to set forth in detail the evidence presented by the parties. It will suffice to say that the testimony was taken in open court, and the chancellor found "that the sound system on the defendant's premises is operated in such a manner as to cause actual physical discomfort to the plaintiffs and to seriously interfere with the ordinary comfort and enjoyment of their properties as dwellings." Upon the record as it is presented to us, we certainly cannot hold that he was clearly in error, which we would be required to do in order to reverse his findings of fact. Rule 886.

This brings the case squarely within the ambit of the leading case of *Meadowbrook Swimming Club, Inc. v. Albert, supra*, 173 Md. 641, 197 A. 146. That case, as the instant one, involved a nuisance to nearby residents caused by loud noises emanating from skilled musicians conducting an orchestra. The Court, at page 645, stated:

> "The rule which must control is whether the nuisance complained of will or does produce such a condition of things as in the judgment of reasonable men is naturally productive of actual physical discomfort to persons of ordinary sensibilities, tastes, and habits, such as in view of the circumstances of the case is unreasonable and in derogation of the rights of the party (citations) subject to the qualification that it is not every inconvenience that will call forth the restraining power of a court. The injury must be of such a character as to diminish materially the value of the property as a dwelling and seriously interfere with the ordinary comfort and enjoyment of it."

The Court then pointed out that this rule was supported by previous Maryland decisions, and that it was in accord with the holdings in out-of-state cases involving noises incident to recreational activities. See also *Five Oaks Corp. v. Gathmann*, 190 Md. 348, 58 A. 2d 656; *Green v. Garrett*, 192 Md. 52, 64, 63 A. 2d 326; *Bishop Processing Co. v. Davis*, 213 Md. 465, 474, 132 A. 2d 445.

The case of *Lohmuller v. S. Kirk & Son Co.*, 133 Md. 78, 104 A. 270, cited by the appellant, is not in point under the facts of the case at bar. That case involved noises produced in a large commercial and manufacturing city, not those transmitted to properties in a residential community in the country. See also *Five Oaks Corp. v. Gathmann, supra,* 190 Md. 348, 58 A. 2d 656.

*Decree affirmed, with costs.*