## COLUMBIA HILLS CORPORATION v. MERCANTILE-SAFE DEPOSIT & TRUST COMPANY

[No. 252, September Term, 1962.]

*Decided May 6, 1963.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Charles E. Hogg,* for appellant.

*Eben F. Perkins,* with whom were *Perkins & Rich* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

On this appeal, appellant raises two questions as to why this Court should reverse a decree of the Circuit Court for Howard County, dated June 29, 1962, which enjoined the appellant from interfering with or preventing the use of an easement for a right-of-way and which required the appellant to promptly rebuild and open the entrance from Columbia Pike, the present U. S. Route 29, to the right-of-way. These questions which we must answer are: (1) was the appellant chargeable with notice of an unrecorded easement and plat, and (2) if the answer to (1) is in the affirmative, should not the injunctions have been denied because they subject the appellant to great injury and afford the appellee comparatively little benefit.

Appellee is trustee for certain land lying off Columbia Pike in Howard County. There has been in existence since 1849 a right-of-way, created by deed in that year, from this tract across the land now owned by the appellant to Columbia Pike. In early 1950, in the process of reconstructing Columbia Pike, the State Roads Commission relocated the entrance to the right-of-way by agreement with appellee and the life tenant of the trust property, and in furtherance of the project, the Commission obtained for appellee a new easement for the relocated entrance from the owners of the servient land, Dr. and Mrs. George B. Sybert. This easement was shown on State Roads Commission plat No. 8532. However, the grant and the plat of the new easement was not recorded by the Commission until December 26, 1957.

In October 1954, appellant acquired from Mrs. Sybert, then a widow, the servient property, which it then began to subdivide and develop. In the process, it constructed a two-way entrance onto Columbia Pike. This entrance consisted of curbing, ornamental stone monument, and a grass plot. The work was completed in June 1955, and formal permission for this entrance was issued by the Commission in February 1956.

The construction of the entranceway resulted in a total destruction of the relocated entrance to the right-of-way to appellee's property. This entrance had been used by the residents of the trust property since 1950, as a means of ingress and egress until it was destroyed. The residents of the trust property had been required to use a makeshift entrance from their right-of-way out to Columbia Pike.

A bill of complaint for declaratory decree was filed February 14, 1961, by appellee, requesting an adjudication of the respective rights of the parties, under the provisions of Code (1957), Article 31A, the Uniform Declaratory Judgments Act, and asking for injunctive relief, which was subsequently granted by Judge Macgill in a decree filed June 29, 1962, after a full hearing of the case.

In contending that the first question should be answered in the negative, it claims that although to give constructive notice of an easement, the grant of the right-of-way must be recorded pursuant to Code (1957), Article 21, § 1, but concedes that if the purchaser of the servient tenement had actual notice of the existence of such right-of-way it could not assert the defense that the failure to record prevented the easement from being binding upon it. Cf. *Mitchell v. Houstle*, 217 Md. 259, 142 A. 2d 556; *Slear v. Jankiewicz*, 189 Md. 18, 54 A. 2d 137; *Kelly v. Nagle*, 150 Md. 125, 132 Atl. 587. Although these cases dealt with quasi easements by way of reservation or implication, the same principle applies when an easement is created by grant. Under these circumstances, the important question in the instant case is whether the easement was apparent to appellant, which is purely one of fact. Judge Macgill in his opinion, carefully analyzing the evidence, found that appellant's officers did have notice of the use of the relocated entrance so as to put the appellant on inquiry as to the rights of the appellee, and were charged with notice of such rights. Our review of the record before us shows that it supports his finding. Moreover, the notice to and knowledge of the physical existence of the relocated right-of-way on the part of the appellant, as found by the chancellor, makes immaterial the omission of the State Roads Commission in failing to record the deed of easement and plat of 1951 until 1957.

Having decided that the first question presented by the appellant should be answered in the affirmative, we conclude that the contention that the injunction subjects appellant to great injury and affords appellee comparatively little benefit, is likewise without avail to it in this case. Even assuming that the injunctive relief decreed by the chancellor would do more injury to the appellant than it would benefit the appellee, as claimed by the appellant, we think that *Lichtenberg v. Sachs,* 213 Md. 147, 131 A. 2d 264, is controlling here. In upholding a decree of a lower court dismissing a bill to permanently close a right-of-way over appellant's land, this Court, through Judge Prescott, stated the principle that:

> "No court has authority to compel the owner of land to surrender his property to another person, lacking the power of eminent domain, in exchange for a sum of money; because, the taking of one person's property for the private use of another, even with full compensation, is a deprivation of property without due process of law in violation of Article 23 of the Maryland Declaration of Rights and the Fourteenth Amendment of the Constitution of the United States."

213 Md. at page 152. In that case, the appellant had consciously blocked appellee's right-of-way and was trying to get legal sanction for his act. There, as in this case, it was alleged that the easement holder had an adequate remedy at law. However, all that does not change the fact that in both instances there was an attempted unconstitutional taking of property by a private person for private purposes.

The case falls, we think, in the category of *Lichtenberg, supra,* and *Hanley v. Stulman,* 216 Md. 461, 141 A. 2d 167, rather than the cases cited by the appellant, such as *Easter v. Dundalk Holding Co.,* 199 Md. 303, 86 A. 2d 404.

*Decree affirmed. Costs to be paid by appellant.*